# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-00101-WS |
| | ) | |
| CHARLES THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant Charles Thomas's Motion for Reexamination of Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) (doc. 152).

On May 20, 2005, defendant pleaded guilty to conspiring to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846.  At sentencing, the undersigned found that Thomas was accountable for at least 1.5 kilograms of crack cocaine, which led to a base offense level of 38 under the then-effective Sentencing Guidelines.  After appropriate adjustments, Thomas's total offense level was also set at 38 which, in conjunction with his criminal history category of V, yielded a guidelines range of 360 months to life, with a mandatory minimum sentence of 240 months for the offense of conviction.  Based on the Government's motion for downward departure (doc. 137) for substantial assistance filed pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court departed downward 60% from the low end of the applicable guideline range at Thomas's sentencing hearing, resulting in a final sentence of 144 months.  (Doc. 143.)

On November 26, 2008, the undersigned entered an Order (doc. 151) granting Thomas's § 3582(c)(2) motion for reduction of sentence pursuant to Amendment 706 to the United States Sentencing Guidelines, which retroactively lowered the base offense level for certain crack cocaine offenses.  The Court determined that Thomas was eligible for a two-level reduction in his offense level pursuant to retroactive application of Amendment 706, which lowered his total offense level to 36 and produced an amended guideline range of 292 to 365 months. Implementing a comparable 60% reduction from the low end of Thomas's amended guideline

range, the Court modified Thomas's sentence to 117 months.  Although he was notified of this proposed modification and given a full and fair opportunity to be heard before it was implemented, Thomas remained silent.

Now, more than four months after the November 26 Order granted his § 3582 motion and shaved 27 months (more than 18%) off his sentence, Thomas files his latest Motion seeking further sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).  In particular, Thomas argues that his sentence should be reduced to somewhere in the range of 70 to 87 months pursuant to *Kimbrough v. United States*, --- U.S. ----, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), wherein the Supreme Court found that district courts are free to deviate from the Sentencing Guidelines' advisory 100-to-one ratio for crack cocaine versus powder cocaine sentences based on a policy disagreement with the Sentencing Commission.[1]  After careful review of Thomas's Motion, pertinent authorities, and all portions of the file deemed relevant, the undersigned concludes that further § 3582(c)(2) relief is not appropriate in this case for at least three distinct reasons.

First, the Court is of the opinion that the applicable policy statements of the U.S. Sentencing Commission forbid additional reductions in Thomas's sentence at this time.  The Sentencing Commission has stated that district courts generally may not reduce a defendant's term of imprisonment under § 3582(c)(2) to a term below the minimum of the amended guideline range, except that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range ... may be appropriate."  U.S.S.G. § 1B1.10(b)(2)(B).  The 117-month sentence imposed by the November 26 Order is "comparably less than the amended guideline range," in that it (like the original sentence) was 60% below the low end of the applicable range.  For the Court to modify Thomas's sentence below 117 months would be to impose reductions deeper than necessary to bring about a sentence "comparably less than the amended guideline range," would not result in a "comparable" sentence, and would therefore be unauthorized by the Sentencing Commission's

---

[1]     *See Spears v. United States*, --- U.S. ----, 129 S.Ct. 840, 843, 172 L.Ed.2d 596 (2009) (noting that *Kimbrough* "holds that with respect to the crack cocaine Guidelines, a categorical disagreement with and variance from the Guidelines is not suspect").

policy statements.  To alter Thomas's sentence based on crack/powder sentence disparities at this time would also run afoul of the Sentencing Commission's directive that "the court shall substitute only [Amendment 706] for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*."  U.S.S.G. § 1B1.10(b)(1) (emphasis added).  The Eleventh Circuit has declared these Sentencing Commission policy statements to be binding on district courts confronted with § 3582(c)(2) motions in the crack amendment context.  *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) ("a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment"); *United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2009) (finding that "[a] proceeding under § 3582(c)(2) is not a full resentencing hearing" and that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission").  The Court therefore believes that, even if were inclined to do so, it could not tinker further with Thomas's sentence in the manner that he suggests.

Second, Thomas's latest § 3582(c)(2) request fails because the Eleventh Circuit has categorically joined the circuits that "have held that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) motions."  *Melvin*, 556 F.3d at 1192.  Indeed, the *Melvin* court found that "*Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission" and distinguished *Kimbrough* "because it addresses an original sentencing proceeding under an advisory guideline system," rather than a § 3582(c)(2) proceeding.  *Id.* at 1192-93.  Therefore, *Kimbrough* and its progeny are not available to Thomas in his § 3582(c)(2) motion.

Third, even if this Court did possess the discretion to reduce Thomas's sentence below its present 117-month level on a § 3582(c)(2) motion, and even if *Kimbrough* were available in this proceeding, this Court would still deny Thomas the requested relief.  In particular, Thomas's extensive criminal history (including multiple felony convictions for controlled substance violations), the seriousness of his offense (including his role in directing the activities of others in a conspiracy to manufacture and distribute crack cocaine for a protracted period of time), the fact that his present sentence is far below the applicable sentencing guideline range and the statutory mandatory minimum sentence, as well as the other § 3553(a) factors, taken together,

persuade the Court that no further reduction in Thomas's sentence would be necessary or appropriate based on *Kimbrough* concerns relating to crack/powder cocaine sentencing disparities.  The Court specifically finds that the 117-month sentence that Thomas is now serving is not greater than necessary to accomplish the sentencing goals advanced in 18 U.S.C. § 3553(a)(2).

For all of these reasons, Thomas's Motion for Reexamination of Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) (doc. 152) is **denied**.


**DONE** and **ORDERED** this 6th day of April, 2009.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE